United States District Court
Northern District of California

OLUCHI NNACHI,

        Plaintiff,

   v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

        Defendants.

Case No.: C 13-5582-KAW

ORDER GRANTING MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT

The City and County of San Francisco filed a motion to dismiss and for a more definite statement in the above-captioned case. The motion has been fully briefed. Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for disposition without hearing. Having carefully reviewed the papers filed by the parties, the Court GRANTS the motion to dismiss and for a more definite statement for the reasons set forth below.

## I.    BACKGROUND

### A.    Factual background

Oluchi Nnachi ("Plaintiff") proceeds *pro se* in this case against the City and County of San Francisco ("City") and the San Francisco Juvenile Probation Department ("Department"). (Compl., Dkt. No. 1.) Plaintiff asserts that he has worked for the Department in various capacities for the last 26 years and currently works for the Department as a counselor. (*Id.* at 1.)

In his complaint, Plaintiff alleges that the Department demoted him in 2008, for which he filed suit against the City and the Department in December 2010. (*Id.* at 3.) According to Plaintiff, that case was closed in October 2012. (*Id*.) Plaintiff alleges that immediately after that, the City and the Department began refusing to pay him for overtime hours worked, bullying him, talking down to him, and creating a hostile working environment by accusing him of trying to

1   cheat the City – actions which Plaintiff describes as violations of Title VII of the Civil Rights Act
2   of 1964.  (*Id.* at 2-3.)
3         Plaintiff further alleges that despite numerous payment reminders, Toni Powell, the then
4   Director of Juvenile Hall, colluded with senior officials from the Department to delay payment of
5   his 13 hours of overtime for seven months.  (*Id.* at 3.)  Plaintiff asserts that he was authorized to
6   work all overtime, but Ms. Powell refused to pay him overtime, even though she paid all other
7   employees who also worked overtime.  (*Id.*)  Plaintiff is "convinced that she took this adverse
8   action against [him] because of [his] law suit [*sic*] against the City and County of San Francisco
9   and for [his] complaint of discrimination in [*sic*] Juvenile Probation Department." (*Id.*)
10        In addition, Plaintiff claims that Ms. Powell directed all managers to "harass and
11  discriminate" against him.  (*Id.* at 4.)  Plaintiff also asserts that "[i]t is [an] adverse employment
12  action to be accused fals[e]ly for something you did not do." (*Id.*)

### B.     Procedural background

14  Plaintiff commenced this action on December 3, 2013.  (Compl. at 1.)  In his complaint,
15  Plaintiff asserts five causes of action: (1) retaliation in violation 42 U.S.C. § 2000e-3(a) ("Title
16  VII"); (2) retaliation in violation of the Fair Labor Standards Act ("FLSA"); (3) intentional
17  infliction of emotional distress ("IIED"); (4) retaliation in violation of 18 U.S.C. § 1513
18  (retaliating against a witness, victim, or an informant); and (5) "On going [*sic*] harassment and
19  retaliation."  (*Id.* at 4-5.)
20  On January 21, 2014, the City filed a motion to dismiss and for a more definite statement.
21  (Def.'s Mot. to Dismiss, Dkt. No. 5.)  In the motion, the City asks the Court to (1) dismiss the
22  Department as a defendant, (2) dismiss Plaintiff's fourth cause of action for failure to state a claim
23  upon which relief can be granted, and (3) order Plaintiff to provide a more definite statement.
24  (*Id.*)  On February 4, 2014, Plaintiff filed his opposition to the motion.  (Pl.'s Opp'n, Dkt. No. 9.)
25  The City filed its reply on February 7, 2014, in response to which Plaintiff filed a "Motion for
26  Summary Judgment and Opposition to Defendant's Reply Brief."  That filing has been stricken as
27  an impermissible sur-reply.  (Feb. 25, 2014 Order, Dkt. No. 13.)
28  ///

## II. LEGAL STANDARD

### A. Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B. Motion for a more definite statement under Federal Rule of Civil Procedure 12(e)

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Federal Rule of Civil Procedure 12(e) authorizes a motion for a more definite statement when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." This rule attacks the intelligibility of a pleading, and not simply its mere lack of detail. *Nelson v. Quimby Island Reclamation Dist. Facilities Corp.,* 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). Specifically, "where the information sought by the moving party is available and/or properly sought through discovery, the motion should be denied," as "[p]arties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Famolare, Inc. v. Edison Bros. Stores, Inc.,* 525 F. Supp. 940, 949 (E.D. Cal. 1981); *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Accordingly, motions for a more definite statement must be considered in light of the liberal pleading standards of the Federal Rules of Civil Procedure, and "should be granted only where the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and 'literally cannot frame a responsive pleading.'" *Hubbs v. Cnty. of San Bernardino,* 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2007) (quoting *Bureerong v. Uvawas,* 922 F. Supp. 1450, 1461 (C.D. Cal. 1996) (further citations omitted)).

### III. DISCUSSION

#### A. The City's motion to dismiss

The City moves to dismiss any claim for relief against the Department as well as Plaintiff's fourth cause of action for an alleged violation of 18 U.S.C. § 1513, a criminal statute.

///

///

4

1.  <u>The Department is not a proper defendant to this action.</u>

In his complaint, Plaintiff names both the City and the Department as defendants. (Compl. at 1.) Plaintiff describes the City as "a public entity . . . [that] . . . directs and controls" the Department. (*Id.* at 2.) In its motion, the City asserts that the Department should be dismissed as a defendant in this action because it lacks the capacity to be sued since it is an agency of the City, not a separate and independent legal entity.[1] (Def.'s Mot. to Dismiss at 4.) In his opposition, Plaintiff "beg[s] the court to drop [the] juvenile probation department from the complaint," though for different reasons than those provided by the City. (Pl.'s Opp'n ¶ 13.)

The Court agrees that the City, not the Department, is the proper defendant in this action. *See Vance v. Cnty. of Santa* Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing section 1983 cause of action against the Santa Clara Department of Corrections because it was not a proper defendant, but an agency of the County of Santa Clara).

Therefore, the Court dismisses the Department as a defendant in this action, leaving the City as the sole remaining defendant.

2.  <u>Plaintiff's fourth cause of action fails to state a claim upon which relief can be granted.</u>

Plaintiff's fourth cause of action is for retaliation in violation of 18 U.S.C. § 1513. (Compl. at 5.) Plaintiff alleges that he sued the defendants for demoting him in 2008 and that the defendants have "wilfully refused to pay" him all his overtime hours worked, as a result of which Plaintiff has suffered damages. (*Id.*) In opposition, the City correctly argues that that 18 U.S.C. § 1513 is "the criminal statute for retaliation against a witness, victim, or an informant," for which a private right of action is not recognized. *See Am. Postal Workers Union v. Ind. Postal Sys. of Am., Inc.,* 481 F.2d 90, 93 (6th Cir. 1973).

Accordingly, Plaintiff's fourth cause of action is dismissed without leave to amend.

///

///

---

[1] The Department is a constituent agency within the City's executive branch. *See* San Francisco's Charter § 4.100 (stating that the City and County shall be composed of departments, appointive boards, commissions and other units of government).

### B. The City's motion for a more definite statement

The City also moves for a more definite statement. (Def.'s Mot. to Dismiss at 5.) With respect to this motion, the Court notes that in the City's notice of motion, the City indicates that it "moves for a more definite statement of the entire [c]omplaint." (Notice of Def.'s Mot. to Dismiss at 2.) In the accompanying memorandum of points and authorities, however, the City only "requests a more definitive statement with respect to the legal basis for the fifth cause of action and requests that any amended pleading contain consecutively numbered paragraphs throughout." (*Id.* at 6.) In its proposed order, the City uses yet another variant of this language: "Plaintiff shall provide a statutory basis for each of his claims, in particular the fifth cause of action." (Def.'s Proposed Order at 2.) Given that Plaintiff identified the legal bases for his first four causes of action, the Court construes the City's request for a more definite statement as one limited to Plaintiff's fifth cause of action and asking for consecutively numbered paragraphs in any amended pleading. (*See* Def.'s Mot. to Dismiss at 6.) Thus, the Court treats the following language as operative: "Defendant City requests a more definitive statement with respect to the legal basis for the fifth cause of action and requests that any amended pleading contain consecutively numbered paragraphs throughout." (*Id.* at 6.)

Plaintiff's fifth cause of action is captioned "On going harassment and retaliation." (Compl. at 5.) Plaintiff alleges that he "engaged in a statutory protected activity, met employer's expectations, suffered an adverse action (delay and failure to pay overtime when worked) and was treated less favorably than other similarly situated employees who engaged in the protected (overtime) activity." (*Id.*) In its motion, the City argues that Plaintiff does not clearly identify the basis for his fifth cause of action and that the absence of a law or a statutory basis makes it difficult, if not impossible, for the City to formulate a response. (Def.'s Mot. at 6.)

The Court finds that Plaintiff's allegations are deficient. It is unclear whether this cause of action is meant as an extension of Plaintiff's first and second causes of action for retaliation under Title VII and the FLSA. It also appears that the fifth cause of action may be duplicative of the first and second causes of action, especially since Plaintiff has not specified whether the fifth cause of action is based on events already alleged in the complaint or whether this cause of action

6

is based other events not already mentioned in the complaint. In addition, given that Plaintiff concedes that the City has paid him the overtime it previously withheld, *see* Pl.'s Opp'n ¶ 8, it is unclear what activity constitutes the purported harassment and retaliation and how any such activity is ongoing.

Accordingly, the Court grants the City's motion for a more definite statement. In his amended complaint, Plaintiff shall identify the legal basis for his fifth cause of action and allege facts to support the claim. He shall also cure the other deficiencies discussed above. The amended complaint shall contain consecutively numbered paragraphs.

### IV. CONCLUSION

For the reasons set forth above, the Court hereby orders as follows:

(1) The San Francisco Juvenile Probation Department is dismissed as a defendant to this action.

(2) The Plaintiff's fourth cause of action is dismissed without leave to amend.

(3) The City's motion for a more definite statement as to Plaintiff's fifth cause of action is granted.

(4) Plaintiff shall file an amended complaint within 30 days of this order. The amended complaint shall remedy the deficiencies discussed above and shall contain consecutively numbered paragraphs. Failure to file an amended complaint within 30 days of this order may result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated: March 21, 2014

KANDIS A. WESTMORE
United States Magistrate Judge