1

2

3

4                                        United States District Court
                                        Northern District of California
5

6

7    OLUCHI NNACHI,                                  Case No.: 4:13-cv-05582-KAW

8                   Plaintiff,                       ORDER GRANTING MOTION TO DISMISS
                                                     WITH LEAVE TO AMEND; GRANTING
9           v.                                       MOTION TO STRIKE

10   CITY AND COUNTY OF SAN
     FRANCISCO, et al.,
11
                    Defendants.
12

13

14          The City and County of San Francisco moves to dismiss the third and fourth causes of

15   action in Oluchi Nnachi's second amended complaint.  It also moves to strike his prayer for

16   punitive damages.  The motions have been fully briefed and are suitable for disposition without

17   hearing pursuant to Civil Local Rule 7-1(b).  Having carefully reviewed the papers filed by the

18   parties and the relevant legal authority, the Court GRANTS the motion to dismiss with leave to

19   amend and GRANTS the motion to strike.

20                                    I.        BACKGROUND

21          A.      Factual background

22          Oluchi Nnachi ("Plaintiff") proceeds *pro se* in this case against the City and County of

23   San Francisco ("City").  (2d Am. Compl. ("SAC"), Dkt. No. 27.)  He alleges that the City has

24   engaged in a "series of intensional [*sic*] racial retaliation acts against [him] . . . since 2012

25   because of [his] complaints and law suit[s]," which concluded in early October 2012.  (*Id.* ¶ 3.)

26   He alleges that the City used Toni Powell, the then Director of Juvenile Hall, to deprive him of

27   overtime due and owing to him since October 2012.  (*Id.*)  He claims that while the City timely

28

1  paid his co-workers their overtime, it deliberately delayed payment of his overtime for seven

2  months, as a result of which he has suffered damages.  *(Id.)*

3        According to Plaintiff, the series of retaliatory conduct occurred when the City routinely

4  denied overtime though he was entitled to it based on his seniority and when the City denied his

5  request for a day off even though the Director's friends were repeatedly granted time off.  (SAC,

6  Ex. B.  ¶¶ 1-10.)

7        **B.**      **Procedural background**

8        Plaintiff commenced this action on December 3, 2013.  (Compl., Dkt. No. 1.)  On January

9  21, 2014, the City filed a motion to dismiss and for a more definite statement.  (Def.'s Mot. to

10  Dismiss, Dkt. No. 5.)  The Court granted the City's motion on March 21, 2014, and Plaintiff filed

11  his second amended complaint on May 28, 2014.[1]  (Mar. 21, 2014 Order, Dkt. No. 26; SAC, Dkt.

12  No. 27.)

13        In the SAC, Plaintiff asserts four causes of action:  (1) retaliation in violation of 42 U.S.C.

14  § 2000e-3(a) ("Title VII"), (2) retaliation in violation of the Fair Labor Standards Act ("FLSA"),

15  (3) intentional infliction of emotional distress, and (4) discrimination and retaliation in violation

16  of 42 U.S.C. § 1981.  (SAC ¶ 3.)   He prays for punitive, compensatory, and "equitable" damages.

17  (*Id.* ¶ 4.)

18        The City filed the instant motions on June 13, 2014.  (Def.'s Mot., Dkt. No. 28.)  Plaintiff

19  filed his opposition to the motion on July 22, 2014, and the City's reply followed on July 30,

20  2014.  (Pl.'s Opp'n, Dkt. No. 39; Def.'s Reply, Dkt. No 40.)

21        **II.**      **LEGAL STANDARD**

22        **A.**      **Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)**

23        Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss

24  based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under

25  Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*,

26  250 F.3d 729, 732 (9th Cir. 2001).

27

28  [1] Plaintiff had filed a first amended complaint on April 15, 2014.  Am. Compl., Dkt. No. 17.  In that pleading, however, Plaintiff mistakenly omitted some of his remaining causes of action.  He corrected that mistake in the second amended complaint.

United States District Court
Northern District of California

United States District Court
Northern District of California

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

**B.     Motion to strike under Federal Rule of Civil Procedure 12(f)**

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.

1   *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).  The ultimate

2   decision under Rule 12(f) lies within the sound discretion of the court.  *Federal Savings & Loan*

3   *Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990).

### III.   DISCUSSION

5       The City seeks dismissal of Plaintiff's claim for intentional infliction of emotional distress

6   and his § 1981 claim.  It also moves to strike Plaintiff's prayer for punitive damages.  It argues

7   that dismissal of Plaintiff's intentional infliction of emotional distress claim is warranted because

8   Plaintiff has not identified the statute that exposes the City to liability for such claims and because

9   Plaintiff did not present the claim to the City prior to filing suit.  (Def.'s Mot. at 6, 7.)  The City

10  also contends that Plaintiff's § 1981 claim is subject to dismissal because Plaintiff fails to allege

11  any race-based retaliatory conduct, has not alleged the existence of the type of contract necessary

12  to sustain the claim, and fails to plead facts sufficient to establish municipal liability under *Monell*

13  *v. Department of Health and Human Services*, 436 U.S. 658, 691 (1978).  (Def.'s Mot. at 3, 4, 5.)

14  The City further argues that Plaintiff's prayer for punitive damages is improper, as such damages

15  are not available against a public entity.  (*Id.* at 7, 8.)  The Court addresses these arguments in

16  turn.

    **A.**    **Plaintiff's claim for intentional infliction of emotional distress is dismissed with leave to amend.**

        1.    <u>Plaintiff has failed to plead the statutory basis that exposes the City to liability for his intentional infliction of emotional distress claim.</u>

20      The City correctly argues that it is immune from direct liability for any tort except as

21  provided by statute.  (Def.'s Mot. at 6.)  Plaintiff does not address this issue in his opposition.

22      Under California law, a public entity is not liable for an injury, whether such injury arises

23  out of an act or omission of the public entity or a public employee or any other person, except as

24  otherwise provided by statute.  Cal. Gov't Code § 815(a).

25      The Court agrees that Plaintiff has failed to identify a statute that exposes the City to

26  liability for his intentional infliction of emotional distress claim.  This failure warrants dismissal

27  of the cause of action.  Plaintiff, however, may be able to identify such a statute, *see, e.g.,* Cal.

28  Gov't Code § 815.2, and to that end, he is entitled to an opportunity to amend his complaint.  *See*

United States District Court
Northern District of California

United States District Court
Northern District of California

1    *Lopez*, 203 F.3d at 1127.  This issue may be of no consequence, however, if Plaintiff is unable to

2    truthfully allege that he complied with the mandatory claims presentation requirements discussed

3    immediately below.

4            2.    <u>Plaintiff has not alleged that he presented his claim to the City or alleged facts</u>

5                   <u>sufficient to show that he was excused from doing so.</u>

6         The City correctly argues that the SAC does not contain any allegation that Plaintiff

7    presented his intentional infliction of emotional distress claim as required by the California Tort

8    Claims Act ("CTCA" or "Act") or that he was excused from complying with the Act's claims

9    presentation requirements.  (Def.'s Mot. at 4.)  In his opposition, Plaintiff asserts, in connection

10   with his Title VII claim, that he exhausted his administrative remedies prior to commencing this

11   action.  (Pl.'s Opp'n at 7.)  Plaintiff's bare assertion is insufficient to defeat the City's argument.

12        All claims for money or damages against local public entities must be filed in accordance

13   with the CTCA.  Cal. Gov't Code § 905.  The CTCA provides that a party cannot file an action

14   for money or damages against a local public agency until a written claim has first been filed with

15   and adjudicated by the defendant agency.  Cal. Gov't Code §§ 945.4, 950.2.  This claims

16   presentation requirement is a condition precedent to maintaining an action against a local public

17   entity.  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Failure to allege

18   facts in a complaint demonstrating, or excusing, compliance with the CTCA's claims presentation

19   requirements warrants dismissal of a cause of action.  *State of Cal. v. Superior Court (Bodde)*, 32

20   Cal. 4th 1234, 1237, 1238 (2004) (failure to allege facts demonstrating or excusing compliance

21   with the claim presentation requirement warrants dismissal).

22        In the SAC, Plaintiff fails to allege compliance with the claims presentation requirements

23   set forth in the CTCA or allege facts sufficient to establish that he was excused from complying

24   with these requirements.  While he asserts, in his opposition, that he properly exhausted

25   administrative remedies, he makes that assertion in the context of discussing his Title VII claim,

26   not his state law claim for intentional infliction of emotional distress.  (*See* Pl.'s Opp'n at 7.)

27   Moreover, this assertion does not correspond to any allegation in the SAC.  Thus, Plaintiff's

28   failure to allege that he properly presented his intentional infliction of emotional distress claim to

     the City warrants dismissal of the cause of action.  *See Bodde*, 32 Cal. 4th at 1238.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff, however, may be able to sufficiently allege compliance with the Act's claims presentation requirements or allege facts sufficient to establish that he was excused from complying with these requirements.  For this reason, the Court grants Plaintiff leave to amend his complaint to include these facts, if such facts exist.  *See Lopez*, 203 F.3d at 1127.

    **B.**    **Plaintiff's § 1981 claim fails as pled.**

        1.   The factual allegations in the SAC are insufficient to sustain a race-based discrimination or retaliation claim.

The City argues that the SAC lacks sufficient factual allegations to establish any plausible connection between the alleged retaliatory conduct and Plaintiff's race.  (Def.'s Mot. at 3.)  In his opposition, Plaintiff asserts that "[a]s soon as the case concluded in 2012, defendant began refusing to pay [his] overtime hours worked while she paid my co-workers similarly situated. [He] was taunted and called derogatory names because [he is a] black African."  (Pl.'s Opp'n at 4.)  Again, the assertions Plaintiff makes in his opposition do not cure the pleading deficiencies in the SAC.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  "[T]he term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship."  *Id.* § 1981(b).  The statute forbids all racial discrimination in the making of both public and private contracts.  *Saint Francis College v. Al–Khazraji,* 481 U.S. 604 (1987) (citation omitted).  It also prohibits "racial discrimination in taking retaliatory action."  *Manatt v. Bank of Am., N.A.*, 339 F.3d 792, 798 (9th Cir. 2003) (citation omitted).

In his opposition, Plaintiff asserts that he is a "black African" and that similarly situated co-workers were paid overtime hours while he was not.  (Pl.'s Opp'n at 4.)  Plaintiff, however, does not allege that he is a member of a protected class in the SAC, he does not specify his race in his complaint, and does not plead sufficient facts to establish a connection between his race and the City's alleged wrongful conduct.  Instead, he repeats his conclusory allegations that the City engaged in discriminatory conduct and that it did not pay him his overtime because of his race.

6

United States District Court

Northern District of California

1    (SAC ¶ 3.)  Thus, the conclusory allegations in the SAC are insufficient to state a plausible claim

2    for race-based discrimination or retaliation under §1981.  *See Iqbal*, 556 U.S. at 678.  Plaintiff,

3    however, may be able to allege further facts to cure these deficiencies in his third amended

4    complaint.

5                         2.    Plaintiff's status as a public employee is not fatal to his § 1981 claim.

6              The City argues that Plaintiff's § 1981 claim also fails because he cannot allege the

7    existence of a contract, which it claims is necessary to sustain the cause of action.  (Def.'s Mot. at

8    3, 4.)  It contends that public employment is not governed by contract, but by statute, and as such,

9    Plaintiff simply cannot allege that element.  (*Id.* at 4.)  In his opposition, Plaintiff argues that "[a]

10   promise by the employee to perform work for the employer as a consideration for the employer.s

11   [*sic*] to pay constituted a contract for the purposes of sec. 1981.  See Lautre V. IBM." [2]  (Pl.'s

12   Opp'n at 7.)

13             The City's contention that Plaintiff's § 1981 claim fails because public employment is a

14   matter of statute, not contract, is unavailing.  It relies on *Judie v. Hamilton,* 872 F.2d 919, 922,

15   (9th Cir. 1989), where the Ninth Circuit made clear that a plaintiff "can recover under section

16   1981 only if the terms detailed in his job description create contractual rights or constitute laws."

17             However, in *Lukovsky v. City and County of San Francisco,* No. C. 05-00389 WHA, 2006

18   WL 436142 (N.D. Cal. Feb. 21, 2006), aff'd on other grounds by, 535 F.3d 1044 (9th Cir. 2008),

19   the court rejected the same argument the City advances in this case.  In *Lukovsky*, a group of job

20   applicants brought suit against the City and other employees, alleging race and national origin

21   discrimination in violation of §§ 1981 and 1983.  *Lukovsky*, 2006 WL 436142, at *1.  They

22   claimed that the defendants discriminated against them on the basis of race by giving preferential

23   treatment to Asian and Filipino applicants, who did not meet applicable minimum requirements,

24   for a certain job classification.  *Id.*

25             The defendants moved for judgment on the pleadings on the plaintiffs' § 1981 claim,

26   arguing, as the City does here, that the plaintiffs could not possibly obtain relief under the statute

27

28   [2] The Court, like the City, was not able to locate this case.

United States District Court
Northern District of California

1  because, in California, public employment is a relationship determined by statute, not contract.

2  *Id.* The court, reasoning that the defendants' position would effectively preclude all public

3  employees in California from asserting § 1981 claims, rejected the City's argument and denied

4  the motion. *Id.* at *4.

5      In reaching its decision, the court applied the three-part test the Ninth Circuit applied in

6  *Judie* to determine whether state or federal law applies to the issue of whether public employees

7  in California have contractual rights protected by § 1981. *Id.* at *2. First, the court determined

8  that civil rights statutes do not provide a body of contract law. *Id.* Second, the court turned to

9  state law to decide what contractual rights California law provides to applicants for public-

10  employee positions and public employees seeking promotions. *Id.* It noted that the public

11  employment relationship is not contractual under California law, but rather determined by statute.

12  *Id.* Third, the court determined, that a predominant federal interest mandates that California

13  public employees have recourse to Section 1981 for discrimination related to such conduct. *Id.* at

14  *3.

15      While courts in this district have taken divergent views on the issue, this Court subscribes

16  to the reasoning espoused in *Lukovsky* and rejects the City's argument that Plaintiff is precluded

17  from asserting a § 1981 claim because he is a public employee.[3] Thus, to the extent the City

18  seeks a dismissal, with prejudice, of Plaintiff's § 1981 claim, its motion is denied. Here, insofar

19  as Plaintiff is alleging that his employment with the City entitles him to overtime on the basis of

20  seniority and certain days off and that he has been deprived of such benefits due to racially-

21  motivated acts of discrimination or retaliation, he may have a viable claim under § 1981.

22  ///

23  ///

24  ───────────────

    [3] The court in *Hofmann v. City and County of San Francisco*, 870 F. Supp. 2d. 799 (N.D. Cal.
25  2012) (Wilken, J.) also followed *Lukovsky*. Moreover, the Court notes that in an unpublished
    decision, *Ramirez v. Kroonen*, 44 Fed. App'x 212, 218 (9th Cir. 2002), the Ninth Circuit held that
26  the fact that California law provides that public employment is not held by contract but by statute,
    did not preclude the employee of a community college from asserting a §1981 claim. The Ninth
27  Circuit reasoned that the application of such state law to bar liability under §1981 would be
    inconsistent with federal law.
28

3.      Plaintiff has failed to allege facts sufficient to establish *Monell* liability.

Nonetheless, as the City argues, Plaintiff's § 1981 claim fails for the separate reason that he has failed to sufficiently allege facts establishing municipal liability as required by *Monell*. (Def.'s Mot. at 5-6.)  In his opposition, Plaintiff argues that the Court should hold the City liable for violating § 1981 because it "is enforceable against a municipality through U.S.C. sec. 1983."[4] (Pl.'s Opp'n at 2.)  This argument misses the mark.

To establish municipal liability on a § 1981 claim, plaintiff must allege that his injury was caused by an official policy or custom as required by *Monell*.  *Fed. of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1215 (9th Cir. 1996).  A municipality is not subject to § 1981 liability under a theory of respondeat superior.  *Id.*

In the SAC, Plaintiff describes a series of purportedly retaliatory acts that serve as the basis for his claims.  He alleges that the City routinely denied him overtime though he was entitled to it on the basis of seniority and that his request for a day off was denied though the Director's friends are repeatedly granted time off.  (SAC, Ex. B.  ¶¶ 1-10.)  He also alleges that the City used "Toni Powell then Director of Juvenile Hall to intensionally [*sic*] refuse to pay [his] overtime hours worked when due since October 2012 through Feb. 2013."  (SAC ¶ 3.)

This, however, falls short of alleging that such conduct was the result of an official City policy or custom.  *See Fed. of African Am. Contractors*, 96 F.3d at 1215.  This pleading deficiency, however, may be cured by amendment.  For example, if Plaintiff is able to truthfully and sufficiently plead facts showing that the City has a policy of denying overtime, not paying overtime, or not giving days off, to which employees are entitled under the terms of their employment, that is motivated by discriminatory or retaliatory animus, then Plaintiff may be able to state a plausible claim for municipal liability.  If, however, Plaintiff cannot truthfully plead facts sufficient to establish municipal liability, Plaintiff is not left without recourse.  Assuming that he can plead sufficient factual content, the conduct he complains of may very well fall within the scope of his Title VII and FLSA claims.

---

[4] As the City notes, the SAC does not contain a separate §1983 claim.

United States District Court
Northern District of California

1    Accordingly, Plaintiff's § 1981 claim is dismissed with leave to amend.  If Plaintiff elects

2    to continue prosecuting his § 1981 claim, he shall include allegations in the third amended

3    complaint that (a) give the City fair notice so that it may defend itself effectively and (b) state a

4    plausible claim for municipal liability.  *See AE v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir.

5    2012).  Plaintiff shall also be sure to remedy the other deficiencies discussed above if he includes

6    this cause of action in his third amended complaint.

7         **C.      Plaintiff's prayer for punitive damages is stricken without leave to amend.**

8         The City argues that Plaintiff's claim for punitive damages must be stricken because

9    Plaintiff may not recover such damages against a public entity.  (Def.'s Mot. at 7.)  In his

10   opposition, Plaintiff's sole argument is that "[p]unitive damages is [*sic*] appropriate in this case

11   because the defendant has engaged in intensional [*sic*] race retaliation/discrimination and has

12   done so with malice and reckless indifference in the federally protected rights of an aggreved [*sic*]

13   individual."  (Pl.'s Opp'n at 8.)  Plaintiff's position is unavailing.

14        Despite Plaintiff's belief that punitive damages are appropriate in this case, they are not

15   available against the City.  The City is a public entity and the only named defendant in this action.

16   Public entities, however, are not liable for punitive damages under federal or state law.  *See* 42

17   U.S.C. §  1981a(b)(1) (exempting government, government agencies, and political subdivisions

18   from liability for punitive damages for intentional discriminatory practices); *see also* Cal. Gov't

19   Code § 818 ("Notwithstanding any other provision of law, a public entity is not liable for

20   damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for

21   the sake of example and by way of punishing the defendant.").

22        Accordingly, Plaintiff's prayer for punitive damages is stricken without leave to amend.

23                          **IV.      CONCLUSION**

24   For the reasons set forth above, the Court hereby orders as follows:

25        1.  Plaintiff's claim under 42 U.S.C. § 1981 is dismissed with leave to amend.

26        2.  Plaintiff's claim for intentional infliction of emotional distress is dismissed with

27            leave to amend.

28        3.  Plaintiff's prayer for punitive damages is stricken without leave to amend.

10

United States District Court
Northern District of California

1   Plaintiff shall file a third amended complaint that cures the deficiencies discussed in this

2   order within 30 days.  The complaint shall contain consecutively numbered paragraphs as

3   required by Federal Rule of Civil Procedure 10.  Plaintiff also is reminded that the third amended

4   complaint will supersede the second amended complaint and any prior complaints, such that they

5   will be treated as nonexistent.  *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001),

6   abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005).  Therefore, Plaintiff shall

7   include all claims the Court has not yet dismissed in the third amended complaint, subject to the

8   limitations stated above.  In addition, the factual basis for Plaintiff's remaining claims shall be

9   contained in the third amended complaint, free of any reference to prior complaints.  *See King v.*

10  *Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa*

11  *Cnty.*, 693 F.3d 896 (9th Cir. 2012) ("All causes of action alleged in an original complaint which

12  are not alleged in an amended complaint are waived.").  If Plaintiff does not file a third amended

13  complaint within 30 days of this order, the Court may dismiss this action for failure to prosecute.

14  To ensure that his third amended complaint complies with this order, Plaintiff may wish to

15  contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling

16  (415) 782-8982.  The Court has also adopted a manual for use by *pro se* litigants, which may be

17  helpful to Plaintiff.  This manual, and other free information is available online at:

18  http://cand.uscourts.gov/proselitigants.

19  **IT IS SO ORDERED.**

20  Dated: August 19, 2014

    KANDIS A. WESTMORE
    United States Magistrate Judge

21

22

23

24

25

26

27

28

11