UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OLUCHI NNACHI,

          Plaintiff,

    v.

CITY AND COUNTY OF SAN
FRANCISCO,

          Defendant.

Case No.  13-cv-05582-KAW

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 46

The City and County of San Francisco moves to dismiss Oluchi Nnachi's fourth amended complaint.  The motion is fully briefed and is suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b).  Having carefully reviewed the papers filed by the parties and the relevant legal authority, the Court grants the motion as set forth below.

## I.        BACKGROUND

### A.        Factual background

Oluchi Nnachi ("Plaintiff") proceeds *pro se* in this case against the City and County of San Francisco ("City").  (4th Am. Compl., Dkt. No. 55.)  He has worked for the City for 29 years, both as a manager and a supervisor.  (*Id.* ¶ 5A.)  He alleges that "[b]etween thanksgiving holiday, christmas of 2012, and new year of 2013 pay periods, defendant used Ms. Toni Powell former frontline Director to deny payment of [his] overtime when due, without cause."  (*Id.* ¶ 5B.)  He claims that the City timely paid his similarly situated co-workers their overtime, and he repeatedly alleges that the decision to deny him his overtime was racially motivated and in retaliation for his previous complaints against the City.  *(Id.)*  He alleges that Ms. Powell ignored all of his reminders to pay his overtime and made derogatory remarks about him trying to cheat the City in

1    front of his co-workers.  *(Id.)*  He also alleges that she denied him time off even though she

2    approved it for her friends.  *(Id.)*

3         **B.        Procedural background**

4              Plaintiff commenced this action on December 3, 2013, asserting claims for retaliation in

5    violation of Title VII, retaliation in violation of the Fair Labor Standards Act ("FLSA"),

6    intentional infliction of emotional distress ("IIED"), retaliation in violation of 18 U.S.C. § 1513,

7    and "ongoing harassment and retaliation."  (Compl., Dkt. No. 1.)  On January 21, 2014, the City

8    filed a motion to dismiss and for a more definite statement.  (Def.'s Mot. to Dismiss, Dkt. No. 5.)

9    In the motion, the City sought dismissal of Plaintiff's claims against the Juvenile Probation

10   Department and Plaintiff's claim for violation of 18 U.S.C. § 1513, a criminal statute.  *(Id.* at 4, 5.)

11   It also sought a more definite statement with respect to Plaintiff's fifth cause of action for "ongoing

12   harassment and retaliation."  *(Id.* at 6.)  The Court granted the City's motion on March 21, 2014.

13   (Mar. 21, 2014 Order, Dkt. No. 16.)  It dismissed the Juvenile Probation Department as a

14   defendant, dismissed Plaintiff's claim for violation of 18 U.S.C. § 1513 without leave to amend,

15   and ordered Plaintiff to identify the legal basis for his fifth cause of action and allege facts to

16   support the claim.  *(Id.* at 6.)

17             Plaintiff filed his second amended complaint on May 28, 2014.[1]  (2d Am. Compl. ("SAC"),

18   Dkt. No. 27.)  In that pleading, Plaintiff re-alleged his claims for retaliation in violation of Title

19   VII, retaliation in violation of the FLSA, and IIED.  (SAC ¶ 3.)  He also asserted a claim for

20   violation of 42 U.S.C. § 1981.  *(Id.)*  Plaintiff based his § 1981 claim on the allegation that "the

21   defendant discriminated and retaliated against [him] because of [his] race and [his] complaints/law

22   suit [*sic*] against the defendant."  *(Id.)*

23             On June 13, 2014, the City moved to dismiss Plaintiff's claims for IIED and for violation

24   of 42 U.S.C. § 1981.  (Def.'s Mot., Dkt. No. 28.)  It also moved to strike Plaintiff's prayer for

25   punitive damages.  *(Id.)*  On August 19, 2014, the Court granted the City's motion, dismissing the

26

27   _____

28   [1] Plaintiff filed a first amended complaint on April 15, 2014.  Am. Compl., Dkt. No. 17.  In that
     pleading, however, Plaintiff mistakenly omitted some of his remaining causes of action.  He
     corrected that mistake in the second amended complaint.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

two claims with leave to amend and striking Plaintiff's prayer for punitive damages without leave to amend.  (Aug. 19, 2014 Order, Dkt. No. 44.)

The Court dismissed Plaintiff's IIED claim because he failed to identify a statute that exposes the City to liability for the claim, did not allege that he presented the claim to the City, or allege facts sufficient to show that he was excused from presenting the claim.  (*Id.* at 4, 5.)  The Court granted Plaintiff leave to amend the claim, finding that Plaintiff could possibly remedy these deficiencies in an amended pleading.  (*Id.* at 4, 5.)

The Court also dismissed Plaintiff's § 1981 claim with leave to amend.  (*Id.*)  Dismissal was warranted because Plaintiff's conclusory allegations that the City engaged in discriminatory conduct were insufficient to state a plausible claim for relief, and Plaintiff had failed to allege facts sufficient to establish *Monell* liability.  (*Id.* at 7.)  With respect to the *Monell* issue, the Court explained:

> If Plaintiff is able to truthfully and sufficiently plead facts showing that the City has a policy of denying overtime, not paying overtime, or not giving days off, to which employees are entitled under the terms of their employment, that is motivated by discriminatory or retaliatory animus, then Plaintiff may be able to state a plausible claim for municipal liability.

(*Id.* at 9.)  The Court also instructed Plaintiff that if he chose to continue prosecuting his § 1981 claim, he was to include allegations in the third amended complaint that (a) gave the City fair notice so that it could defend itself effectively and (b) stated a plausible claim for municipal liability.  (*Id.* at 10.)

Plaintiff filed a third amended complaint on September 12, 2014, re-asserting his claims for IIED and for violations of Title VII, the FLSA, and 42 U.S.C. § 1981.  (3d Am. Compl. ¶¶ 4-7.)  The City again moved to dismiss Plaintiff's cause of action for IIED and his § 1981 claim.  (Def.'s Mot., Dkt. No. 46.)  The Court dismissed Plaintiff's § 1981 claim without leave to amend.  The Court also dismissed Plaintiff's IIED claim because Plaintiff did not clearly allege facts establishing that he had presented an administrative claim to the City or that he was excused from doing so.  (Jan. 5, 2015 Order at 6-7.)  The Court, however, granted Plaintiff leave to amend because Plaintiff's allegations hinted at the possibility that he had presented an administrative claim to the City.  (*Id.* at 7.)  The Court thus allowed Plaintiff "one **final** opportunity to amend his

United States District Court
Northern District of California

1   complaint to remedy the[se] deficiencies" and instructed him to allege facts indicating whether the

2   claim or claims he submitted were denied or deemed denied.  (*Id.* (emphasis in original).)  Plaintiff

3   was to file his amended complaint within 30 days of the Court's order, which was dated January 5,

4   2015.  (*Id.* at 11.)  The Court put Plaintiff on notice that he was to include all claims not yet

5   dismissed in the fourth amended complaint, that the filing was to contain the factual basis for his

6   remaining claims, and that it would be "his **final** opportunity to amend his complaint."  (*Id.*

7   (emphasis in original).)

8           Plaintiff filed his fourth amended complaint on February 9, 2015. [2]  (4th Am. Compl., Dkt.

9   No. 55.)  In the complaint, he asserts claims for retaliation in violation of the FLSA and for

10  intentional infliction of emotional distress.[3]  (*Id.* ¶¶ G, H.)  On February 23, 2015, the City moved

11  to dismiss the complaint for failure to state a claim upon which relief may be granted.[4]  (Def.'s

12  Mot., Dkt. No. 56.)  Plaintiff filed his opposition to the motion on March 9, 2015.  (Pl.'s Opp'n,

13  Dkt. No. 61.)  The City filed its reply on March 16, 2015.  (Def.'s Reply, Dkt. No. 57.)  The Court

14  vacated the April 2, 2015 hearing on the motion pursuant to Civil Local Rule 7-1.  (Mar. 26, 2015

15  Order, Dkt. No. 64.)

16                              **II.     LEGAL STANDARD**

17  **A.      Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)**

18          Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

19  on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule

20  12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250

21

22  _____

    [2] Though the Court's order was dated January 5, 2015, a copy was not mailed to Plaintiff until
23  January 8, 2015.  Despite the City's contention to the contrary, *see* Def.'s Mot. at 3 n.1, Plaintiff's
    fourth amended complaint was timely.
24
    [3] Plaintiff captioned the second cause of action "Intensional Infliction of Emotional
25  Distress/Negligent Infliction of Emotional Distress (NIED)."  4th Am. Compl. ¶ H.  The Court
    will construe the claim as one for intentional infliction of emotional distress, as that is the claim
26  Plaintiff has asserted throughout this lawsuit.

27  [4] The City filed a declaration of Deputy City Attorney Matthew Rothschild in support of its
    motion to dismiss.  As a motion to dismiss challenges the sufficiency of the complaint, the Court
28  has not considered that declaration in disposing of the instant motion.  The Court declines to
    convert the motion to dismiss into a motion for summary judgment.

                                        4

1   F.3d 729, 732 (9th Cir. 2001).

2          In considering such a motion, a court must "accept as true all of the factual allegations

3   contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation

4   omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

5   there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

6   *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

7   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation

8   marks omitted).

9          A claim is plausible on its face when a plaintiff "pleads factual content that allows the

10  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

11  *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate

12  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

13  will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

14         "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are

15  inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th

16  Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat

17  a motion to dismiss for failure to state a claim.").  "The plausibility standard is not akin to a

18  probability requirement, but it asks for more than a sheer possibility that a defendant has acted

19  unlawfully . . .  When a complaint pleads facts that are merely consistent with a defendant's

20  liability, it stops short of the line between possibility and plausibility of entitlement to relief."

21  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

22         Pro se pleadings are liberally construed.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

23  (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "A pro se complaint, however inartfully

24  pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."

25  *Estelle*, 429 U.S. at 106 (internal citations omitted).  Generally, if the court grants a motion to

26  dismiss, it should grant leave to amend even if no request to amend is made "unless it determines

27  that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

28  F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

United States District Court
Northern District of California

### III.    DISCUSSION

The City moves to dismiss Plaintiff's claim for retaliation in violation of the FLSA because he has not alleged that he engaged in a protected activity or that he suffered an adverse employment decision.  (Def.'s Mot. at 5, 6.)  The City also moves to dismiss Plaintiff's IIED claim, arguing that he has not complied with the California Tort Claims Act ("CTCA").  (*Id.* at 6, 7.)

### A.    Plaintiff's claim for retaliation in violation of the FLSA

The FLSA contains an anti-retaliation provision.  The provision makes it unlawful:

[T]o discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).  To establish retaliation, a plaintiff must allege that: (1) he engaged in a protected activity; (2) he suffered an adverse employment decision; and (3) there was a causal link between the protected activity and the adverse employment decision.  *Kasten v. Saint-Gobain Performance Plastics Corp.*, --- U.S. ---, 121 S. Ct. 1325, 1335, 179 L. Ed. 2d 379 (2011).  "To fall within the scope of the anti-retaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection."  *Id.*

The City argues that Plaintiff's allegations about his prior complaints against the City fail to meet "the minimum specificity with which an employee must assert an alleged FLSA violation in order to find protection under § 215(a)(3)."  *See Lambert v. Ackerley*, 180 F.3d 997, 1008 (9th Cir. 1999) (en banc).  More specifically, the City contends that Plaintiff's vague reference to his previous complaints against the Juvenile Probation Department or his reminders that he be paid overtime are not suitable predicates for his claim.  (*Id.* at 5.)

The Court agrees.  In one part of the complaint, Plaintiff simply alleges that the conduct complained of was "in retaliation of my previous complaints against the . . . juvenile probation department."  (4th Am. Compl. ¶ 5B.)  In another paragraph, he alleges "Defendant used Toni Powell to delay payment of my overtime without cause because I am African American and in retaliation for previous complaints against [the] juvenile probation department about discrimination."  (*Id.* ¶ 5G.)  He also alleges "Defendant . . . deliberately delayed to pay me, in

6

retaliation for my law suit [*sic*] against the defendant." (*Id.* ¶ 5H.)  Thus, it is unclear whether the predicate for Plaintiff's FLSA claim is a single lawsuit or multiple lawsuits, and, it is unclear whether the lawsuits would constitute a protected activity within the meaning of the FLSA's anti-retaliation provision.

Moreover, while Plaintiff's reminders to Ms. Powell to pay his overtime could constitute a protected activity within the meaning of the FLSA, those reminders would have occurred after the alleged retaliatory conduct, i.e., the failure to pay overtime.  *Knickerbocker v. City of Stockton*, 81 F.3d 907, 912 (9th Cir. 1996).  As the City argues, this line of causation does not support an anti-retaliation claim.  For the same reason, Ms. Powell's alleged remarks about Plaintiff "trying to cheat the city" are insufficient to support an inference of retaliatory intent, as the allegations in the complaint indicate that she made those comments after the alleged retaliatory conduct occurred. *See, e.g.,* 4th Am. Compl. ¶ 5E ("Toni Powell made derogatory remarks about me trying to cheat the city by my constant reminders to pay the overtime.").

Separate and apart from the FLSA retaliation claim, the operative complaint also appears to allege a FLSA claim for failure to pay overtime.  Indeed, Plaintiff repeatedly alleges that the City failed to pay him overtime or failed to timely pay him overtime.  If true, these acts would constitute a violation of the FLSA.  *See* 29 U.S.C. § 207.  It's not clear, however, whether Plaintiff intends to allege a separate FLSA cause of action here.  Also, it's unclear whether he's alleging untimely payment of overtime or no payment of overtime.

For these reasons, Plaintiff's FLSA claim is dismissed.  Although the City urges this Court to dismiss the claim with prejudice because the Court warned Plaintiff that the fourth amended complaint would mark his final opportunity to file an amended complaint, this is the first time the City has moved to dismiss this cause of action.  Accordingly, the Court will grant Plaintiff leave to amend this claim to clearly identify each separate protected activity in which he claims to have engaged, and to the extent Plaintiff identifies a lawsuit as a protected activity, he shall identify the subject matter of each lawsuit in a manner that will allow the Court to infer that his conduct constitutes a protected activity within the meaning of the FLSA's anti-retaliation provision.  If Plaintiff intends to pursue a separate claim for failure to pay overtime, he shall also make that clear in the fifth amended complaint.

United States District Court
Northern District of California

**B.      Plaintiff's IIED claim**

All claims for money or damages against local public entities must be filed in accordance with the CTCA.  Cal. Gov't Code § 905.  The CTCA provides that a party cannot file an action for money or damages against a local public agency until a written claim has first been filed with and adjudicated by the defendant agency.  Cal. Gov't Code §§ 945.4, 950.2.  This claims presentation requirement is a condition precedent to maintaining an action against a local public entity.  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).  Failure to allege facts in a complaint demonstrating, or excusing, compliance with the CTCA's claims presentation requirements warrants dismissal of a cause of action.  *State of Cal. v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1237, 1238 (2004).

The Court has twice explained this requirement to Plaintiff, and it granted Plaintiff leave to amend on two occasions because it appeared that Plaintiff could possibly allege facts sufficient to establish that he complied, or was excused from complying, with the requirement.  (Aug. 19, 2014 Order at 5, 6; Jan. 5, 2015 Order at 6, 7.)  In its January 5, 2015 order, the Court noted that while Plaintiff did not clearly allege facts establishing that he presented an administrative claim to the City or that he was excused from doing so, he did assert that he "filed claims against the defendant in two of its departments between 2012 and 2013.  1. Controllers office alleging complaints enumerated in page 1.1[,]" "[f]iled again in the controllers office 'Whistle Blower Division' naming officials who have lied and discriminated/retialiated [*sic*] against [him]," and "[f]iled a claim with the EEO unit of the defendants [*sic*] Department of Human resources and received no response."  (Jan. 5, 2015 Order at 6, 7.)

The Court explained that while these additional allegations did not cure the deficiencies discussed in the Court's August 19, 2014 order, it appeared that Plaintiff may have possibly presented an administrative claim to the City, as the allegation that he submitted a claim to the Controller's Office was consistent with the City's instructions on how to present a tort claim.  (*Id.* at 7.)  Based on this, the Court dismissed Plaintiff's IIED claim and allowed Plaintiff one **final** opportunity to amend his complaint to remedy these deficiencies and to specify whether the claim, or claims, he submitted to the Controller's Office were adjudicated, that is, denied or deemed denied.  (*Id.* (emphasis in original).)

The allegations in the operative complaint are similarly insufficient.  He alleges:

> I filed the following claims against the defendant in 2009 and 2013 (a) the controller,'s [sic] office alleging various wrong doing.  The office denied liability, see page 6 of exhibit.[5]  (b) controller,'s [sic] office "whistle blower" division, naming individuals who have lied and discriminated/retaliated against me.  The office denied liability but has refused to mail a copy of the claim to show to the court even though I made the request under the defedants [sic] "sunshine ordinance" on 1/14/2015.  )c) EEo [sic] unit of the defendant.s [sic] department og [sic] Human Resources and received substandard response after 10 months see pp. 7-13 of the exhibit and (d) the EEOC which delivered to the defendant see p.19.

(4th Am. Compl. ¶ 5E.)

It is unclear which claims were filed in 2009 or 2013 and whther they were claims within the meaning of the CTCA.  While Plaintiff now claims that the City "has refused to give [him] a copy of the 'whistle blower' claim which will show [he] complied with CTCA," this bare assertion does not explain why Plaintiff could not provide any details about when he submitted such a claim, what he stated in that claim, and when the City denied it, especially since Plaintiff has apparently kept records of all other correspondence involving his grievances against the City.

Additionally, the six different arguments Plaintiff advances in his opposition on this issue are not convincing.  First, he argues that "[p]arties are not required to pursue administrative remedies without regard to the consequences that would result during pursuit of an administrative appeal precess [sic] if exhaustion will result in irreparable harm."  (Pl.'s Opp'n at 10.)  He asserts that he attached evidence to the original complaint that "proved pursuing administrative appeal with CCSF Civil Service Commission will cause plaintiff irreparable harm."  (Id.)  Plaintiff does not specifically state what this purported evidence is, but the attachments to the complaint include a weekly time sheet, a letter from the City's Human Resources Department dated November 21, 2013, and a right to sue letter dated September 4, 2013.  (See Compl., Dkt. No. 1.)  To the extent that Plaintiff suggests that presenting a claim would be futile because it would not be adjudicated prior before the relevant statute of limitations lapses, Plaintiff misunderstands the CTCA.  A public entity has 45 days to adjudicate a claim.  Cal. Gov't Code § 912.4.  If it fails to act on a

---

[5] "[P]age 6 of exhibit" is a denial of a January 12, 2009 claim.  Why Plaintiff relies on that claim here is not clear, as any related action should have been filed within six months of the denial notice.  See Cal. Gov't Code § 945.6(a)(1).

1    claim within that time period, the claim is deemed denied, and a plaintiff may file suit within two

2    years after the cause of action accrued.  *Id.*; Cal. Gov't Code § 945.6(a)(2).

3            Second, he argues that he has pled compliance with the CTCA, as the defendant rejected

4    all of the claims he presented to the Whistle Blower Division of the Controller's Office, which

5    declined to provide him with a copy of his file.  (Pl.'s Opp'n at 10.)  As the City points out,

6    however, Plaintiff has not alleged facts supporting an inference that the claim gave sufficient

7    notice of his IIED claim, stated his intention to file a lawsuit, made a claim for monetary damages,

8    or that he mailed the form to the appropriate designee.  This is fatal to his assertion that he has

9    complied with the CTCA by submitted documents to the Whistle Blower Division.  *See Wood v.*

10   *Riverside General Hosp.,* 25 Cal. App. 4th 1113, 1118 (1994) ("Patient Problem/Complaint Form"

11   insufficient to establish substantial compliance with CTCA where there was a failure to transmit

12   the document to the statutorily designated agent and a failure to indicate that a monetary claim was

13   being asserted).  Moreover, the Court notes that the document Plaintiff authored on February 14,

14   2013, which is attached to the operative complaint, indicates that the Whistle Blower complaint he

15   made against the City concerned a denial of an "intermediate status grant," not anything relating to

16   a claim for monetary damages.  (*See* 4th Am. Compl., Ex. 7.)

17           Third, Plaintiff argues that "[t]he current suit is a cross-complaint" to which the claims

18   presentation requirement does not apply.  (Pl.'s Opp'n at 10.)  This is incorrect.  A cross-

19   complaint, or a counter-claim, is "[a] claim for relief asserted against an opposing party after an

20   original claim has been made; esp., a defendant's claim in opposition to or as a setoff against the

21   plaintiff's claim."  Black's Law Dictionary (10th ed. 2014).  That is not the case here.  It is Plaintiff

22   who has commenced this action and asserts claims against the City.  His attempt to describe his

23   complaint as a cross-complaint, therefore, fails.

24           Fourth, he argues that "employment discrimination/salaries are exempt from Tort

25   requirements."  *(Id.)*  While California Government Code section 905(c) exempts "[c]laims by

26   public employees for fees, salaries, wages, mileage, or other expenses and allowances," the claim

27   at issue here is one for IIED.  This claim is not exempt from the CTCA claims presentation

28   requirement.  *See Dowell v. Contra Costa County*, 928 F. Supp. 2d 1137, 1151 (N.D. Cal. 2013)

United States District Court
Northern District of California

("Although certain suits are exempt from the CTCA, the CTCA does not identify whistleblower or intentional infliction of emotional distress claims in its list of exempt claims.").

Fifth, he argues that the EEOC gave him a right to sue letter, "and therefore no further reviews are needed." (*Id.* at 10-11.) Finally, he asserts that "[t]he review letter from the Director of Human Resources attached with the original complaint is another evidence of compliance with the Tort Claims Act." (*Id.*) These documents do not help Plaintiff. They do not contain claims for monetary damages or allude to specific losses, and neither document could be reasonably construed as alerting the City to an IIED claim. (*See* 4th Am. Compl.) Nor does he allege such in the operative complaint. (*See id.*) Thus, to the extent Plaintiff relies on these documents in an effort to show that he substantially complied with the CTCA, his efforts fail. *See Wood*, 25 Cal. App. 4th at 1118; *Olson v. Palm Drive Hosp.*, No. C-11-4606 MMC, 2012 WL 440556, at *4 (N.D. Cal. Feb. 10, 2012) (rejecting the argument that inclusion of non-FEHA claims in a FEHA administrative complaint should suffice as an excuse for failing to comply with claim presentation requirement).

## IV.   CONCLUSION

For the reasons set forth above, the City's motion to dismiss is granted. Plaintiff's FLSA claim is dismissed with leave to amend. The IIED claim is dismissed without leave to amend. Plaintiff shall file a fifth amended complaint that remedies the deficiencies discussed above within 30 days of this order. The complaint shall contain consecutively numbered paragraphs as required by Federal Rule of Civil Procedure 10. Plaintiff also is reminded that the fifth amended complaint will supersede the fourth amended complaint and any prior complaints, such that they will be treated as nonexistent. *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). In addition, the factual basis for Plaintiff's remaining claims shall be contained in the amended complaint, free of any reference to prior complaints. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). If Plaintiff does not file a fifth amended complaint within 30 days of this order, the Court may dismiss this action for failure to prosecute.

1    To ensure that his fifth amended complaint complies with this order, Plaintiff may wish to

2  contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling

3  (415) 782-8982.  The Court has also adopted a manual for use by *pro se* litigants, which may be

4  helpful to Plaintiff.  This manual, and other free information is available online at:

5  http://cand.uscourts.gov/proselitigants.

6    **IT IS SO ORDERED**.

7  Dated:  04/16/2015

8  _____

9  KANDIS A. WESTMORE
   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

12